### STARNES v. ROSE, Internal Revenue Collector.

(District Court, N. D. Georgia. July 21, 1922.)

No. 571.

Poisons ⬯2—Licensed physician entitled to registration under Narcotic Act.

Under Harrison Narcotic Act, § 1 (Comp. St. § 6287g), requiring every person dealing in or dispensing narcotic drugs to register, neither a collector of internal revenue nor other administrative officer has a discretion to refuse registration to a practicing physician licensed under the laws of the state.

At Law. Mandamus by W. A. Starnes against J. T. Rose, Collector of Internal Revenue for the District of Georgia. Writ granted.

A mandamus is brought to require the registration under section 1 of the Harrison Narcotic Act (Comp. St. § 6287g) of a physician licensed to practice under the Georgia laws; registration having been refused or suspended by the collector on the sole ground that two indictments were pending for trial against the applicant, charging offenses against said act. He justifies his refusal by section 11 of Regulation No. 35 of the Treasury Department, as amended by Treasury Decision No. 3139 of March 2, 1921, providing: "The return must be supported by an affidavit showing the applicant to be legally qualified or permitted under the laws of the jurisdiction in which he proposes to engage in any business or occupation within the scope of this regulation, to engage in such business or occupation. * * * The collector will then refer the application, with supporting documents, to the supervising federal prohibition agent of the department in which the applicant proposes to engage in the business or occupation within the scope of this regulation, for his information, investigation and approval or recommendation for rejection. It shall then be returned by the supervising federal prohibition agent with his approval or recommendation to the collector. Unless the applicant's qualifications are found to be satisfactory, the applicant will be rejected by the collector." Also relying upon Instructions for Enforcing the Provisions of Treasury Decision 3139, of date July 26, 1921, which direct that "persons who have been arrested and held for action by the grand jury, or who have been indicted, will be held by the collector as under investigation, to await the outcome of the trial. In the event of conviction registration may be refused."

The material portions of the Harrison Narcotic Act (Comp. St. § 6287g) are: "Every person who * * * deals in, dispenses, sells, distributes, or gives

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

away opium or coca leaves or any compound * * * or preparation thereof, shall register with the collector of internal revenue of the district, his name," etc. "It shall be unlawful for any person required to register under the terms of this act to * * * deal in, dispense, sell, distribute, or give away any of the aforesaid drugs without having registered and paid the special tax provided for in this section. * * * The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall make all needful rules and regulations for carrying the provisions of this act into effect."

Alexander & Meyerhardt, of Atlanta, Ga., for petitioner.

C. P. Goree and John W. Henley, Asst. U. S. Attys., both of Atlanta, Ga., for defendant.

SIBLEY, District Judge (after stating the facts as above). Mandamus does not lie to compel an act as to which the officer has a discretion. Whether the collector of internal revenue has a discretion in reference to registering a practicing physician under section 1 of the Harrison Narcotic Act (Comp. St. § 6287g) is the very question here.

The act is not a licensing act, whose aim is to control the dispensing of narcotics by confining the dispensation to proper persons, for that is an exercise of the police power not possessed as to opiates by Congress. The act rests upon the power to tax, and its provisions for registration and its restrictions on the dispensation of narcotics are for the purpose of safeguarding the tax on the dispenser and on the drug. Its enforcement is left to officers of the revenue. For these purposes it properly requires a registration of persons engaged in the businesses enumerated in section 1, and makes it a crime to carry on such a business without registration. But to prohibit a practicing physician from prescribing narcotics unless he registers, and then to refuse to register him, would, to that extent, be to prohibit and regulate his practice of medicine, a thing within the province of the state, and not of the United States, and in contradiction of the revenue purposes of the act.

The act contains no enumeration of qualifications for a registrant, except as being engaged in one of the businesses mentioned, and it has no provision for a refusal of registration to him. Section 11 of regulation No. 35, indeed, assumes that Congress meant that the registrant should be *lawfully* engaged under the laws of the state in the business for which he would register, and requires that inquiry be made into that fact. The qualifications referred to therein are those fixed by the state law for the business in question. Neither the collector nor his superior officer has power to add any other qualification or obstruction to registration. Regulations attempting this would not be "for the carrying of the provisions of the act into effect," as authorized therein, but would subvert the registration required by it. The instruction of July 26, 1921, was not made by "the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury," and so not authorized by the act; but, if it were, in attempting to make a pending charge of crime a ground for refusing registration, it would be unsustainable. Even after conviction, to do so would add a deprivation of vocation to the punishment fixed by law. Prior to conviction there

is only an accusation of which the registrant is presumed to be inno-
cent. The determination of who may properly practice medicine or
otherwise dispense drugs belongs to the agencies of the state. The
collector must register on proper application all who are by the state
law permitted to dispense them. He has no discretion in the matter.
The mandamus will be made absolute.